**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLINTON COLEMAN,**

    Plaintiff,

vs.                               Case No. 4:05cv147-RH/WCS

**CAROL BUTLER, et al.,**

    Defendants.

_____/

## O R D E R

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. As Plaintiff paid the assessed initial partial filing fee, doc. 7, in late June and early July, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint does not comply with FED. R. CIV. P. 8, nor is it on civil right complaint forms which must be used by *pro se* litigants as is required by N.D. Fla. Loc. R. 5.1. Plaintiff will be required to submit an amended complaint.

Under Fed. R. Civ. P. 8(a), a pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2), *quoted in* <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, — U.S. —,125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005). Thus, the allegations of a complaint need only

give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc., 125 S.Ct. at 1634, *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A lengthy recitation of details is unnecessary at this state of litigation. Here, Plaintiff's complaint is over thirty pages, is repetitive, and is not a "short and plain" statement. Plaintiff shall submit an "amended complaint," clearly titled as such, which shall be no longer than twelve pages.

Additionally, the local rules of this Court provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 . . . shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff will be provided a complaint form by the Clerk of Court and he shall submit his amended complaint on that complaint form.

Plaintiff is advised that he appears to have presented facts which, after review of the amended complaint, may be sufficient to state claims for a denial of due process, violation of the Ex Post Facto clause, but Plaintiff has not provided facts which would support an equal protection claim. To do so, Plaintiff must demonstrate that he was treated differently from other similarly situation inmates due to intentional discrimination. Put another way, Plaintiff must show an identifiable class of similarly situated inmates who were treated more favorably due to their race or gender, or some other constitutionally protected interest.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form for use by state prisoners so that Plaintiff can file the amended complaint in its entirety.

2. Plaintiff shall have until **September 2, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms, and no longer than 12 pages.

3. **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than September 2, 2005.

**DONE AND ORDERED** on August 3, 2005.

      s/   William C. Sherrill, Jr.  
      **WILLIAM C. SHERRILL, JR.**  
      **UNITED STATES MAGISTRATE JUDGE**