**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLINTON COLEMAN,**

    **Plaintiff,**

vs.                                       **Case Number 4:05cv147-RH/WCS**

**CAROL BUTLER,
MONICA DAVID,
and JOHN DOE,**

    **Defendants.**

                                            /

## O R D E R

Plaintiff, an inmate proceeding *pro se* in this § 1983 civil rights action, has filed a response to the prior court order, doc. 18, which directed service on the two named Defendants.  Doc. 20.  Plaintiff agrees that he has named an unknown person as Defendant, and that this individual works in the State of "Tennessee's Division of Probation and Parole's Interstate Parole Compact Procedures and Operations."  *Id.*  Plaintiff, however, "does not understand why the Court did not order the Clerk to attempt to effectuate process of service on John Doe Defendant via registered or certified mail . . . ."  *Id.*

Although Plaintiff provides an address for the Division of Probation and Parole, that is not enough to serve the complaint.  A person's name must be provided so that

"personal service" can be carried out by "delivering a copy of the summons and of the complaint to the individual personally . . . ." FED. R. CIV. P. 4(e). Doing so requires the identification of this Defendant. An agency cannot be served because a State Agency is not a "person" which may be sued under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989). Thus, because someone must sign for registered or certified mail, and that cannot be done on "John Doe," Plaintiff must identify the person who is the unnamed Defendant.

After the named Defendants respond to the complaint, Plaintiff may be able to identify the unknown Defendant through either discovery or the special report process. However, at this time, service is not possible. Thus, Plaintiff's motion for a court order requiring process of service [sic], doc. 21, is denied without prejudice. When Plaintiff is able to identify the Tennessee official, the Court will direct service on Plaintiff's behalf.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion for a court order directing service of process on the unknown Defendant, doc. 21, is **Denied**.

2. The Clerk of Court shall return this file to the undersigned upon Defendants' filing of a special report or other such reply, or no later than **January 13, 2006**.

**DONE AND ORDERED** on November 7, 2005.

                                        s/   William C. Sherrill, Jr.
                                        **WILLIAM C. SHERRILL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**