IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**CLINTON COLEMAN,**

    **Plaintiff,**

vs.                                               **Case Number 4:05cv147-RH/WCS**

**CAROL BUTLER,
MONICA DAVID,
and GARY TULLOCK,**

    **Defendants.**

                                          /


## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed a motion for a temporary restraining order and a preliminary injunction.  Doc. 59.  Plaintiff also filed a declaration, doc. 60, and a memorandum of law in support of that motion.  Doc. 61.  What Plaintiff is requesting in the instant motion is essentially an order which prohibits the Defendants and their agents from relying upon the information provided by the State of Tennessee to Florida concerning Plaintiff's criminal history.  Doc. 59, p. 2.  Plaintiff also requests an order directing the State of Tennessee to verify the juvenile criminal history information and order the State of Florida Defendants to provide discovery materials showing their investigation into Plaintiff's claim that the information provided by Tennessee is

fabricated and false.  *Id.*, at 2-3.  Plaintiff indicates that he will have another parole consideration hearing at some unspecified future date and Plaintiff requests that this hearing not take place until the information in Plaintiff's files are verified for accuracy. *Id.*, at 4.

The essential claim raised in Plaintiff's complaint is that false juvenile criminal history information has been provided by officials from the State of Tennessee and has been relied upon by the Florida Defendants in making parole decisions which has worked to Plaintiff's detriment.  The relief requested in the instant motion is essentially the same relief requested in the complaint.  Thus, if Plaintiff is entitled to this relief, it will be granted in due course.

Nevertheless, the standard for granting a motion for preliminary injunction[1] is the required finding that plaintiff has established:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). Furthermore, because a preliminary injunction is an extraordinary and drastic remedy, it

---

[1] Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).

Case Number 4:05cv147-RH/WCS

should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In this case, Plaintiff has not demonstrated that he faces irreparable injury if the injunction were not granted. Should Plaintiff be entitled to the relief sought, a remedy can adequately be fashioned if judgment is ultimately entered in Plaintiff's favor. Yet there is no showing of irreparable injury if relief comes this month or in six months. Any damage caused to Plaintiff should he succeed in this cause could be remedied. Thus, Plaintiff has failed to meet all four prerequisites for injunctive relief and the instant motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and a preliminary injunction, doc. 59, be **DENIED** and this case remanded to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2006.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Number 4:05cv147-RH/WCS