IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLINTON COLEMAN,**

    **Plaintiff,**

vs.                                                             Case Number 4:05cv147-RH/WCS

**CAROL BUTLER,**
**MONICA DAVID,**
**and GARY TULLOCK,**

    **Defendants.**

                                        /

## SECOND REPORT AND RECOMMENDATION

Pending in this case is Defendant Butler's motion to dismiss Plaintiff's individual capacity claims against her for failure to exhaust administrative remedies. Doc. 54.[1] Plaintiff responded. Doc. 62. Plaintiff has also submitted an affidavit, doc. 63, stating that the attached exhibits (docs. 64-67) are true copies that he submitted to Defendant Butler.

---

[1] Defendant Butler had previously filed a motion to dismiss the individual capacity claims against her, doc. 40, and Plaintiff filed a response in opposition to the motion to dismiss, doc. 44, requesting that the motion be denied. Thereafter, Plaintiff filed a second amended complaint, doc. 42, and the motion to dismiss, doc. 40, was denied as moot. Doc. 52. The instant motion, doc. 54, is essentially the same as the first motion.

Defendant Butler argues that Plaintiff "made no claim in his grievances that Defendant Butler was responsible for the retention of his juvenile criminal history information or had some sort of duty to verify or delete such information." Doc. 54, p. 4. Defendants contend that pursuant to Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000), Plaintiff is required to provide the prison officials who will consider his grievances "all the relevant information he has, included the identity of any officials he thinks have wronged him and any witnesses." *Id.*, at 4, *quoting* Brown, 212 F.3d at 1207-08. Defendants contend that Plaintiff should have included in his grievance "information that Defendant Butler was responsible for the retention of the challenged juvenile criminal history information and/or failed to remove such information." *Id.*, at 5. Defendant argues that Plaintiff "failed to alert prison officials to the claims he has raised in the individual capacity claims against Defendant Butler." *Id.*

Plaintiff asserts that he placed Defendant Butler "on notice that Tennessee's alleged juvenile information [was] absolutely and completely false and fabricated," but that his challenges to such information have been "willfully and recklessly disregarded." Doc. 42, p. 14. Defendant Butler is alleged to be "the administrator of Central Office records management for the Florida Department of Corrections and is generally responsible for the overall care, custody, and maintenance of criminal records or date . . . pertaining to inmates confined in Florida Department of Corrections." *Id.*, at 15. Defendant Butler has continued to rely on the challenged information without taking reasonable steps to ensure the accuracy of the information. *Id.*, at 18.

On June 13, 2002, Plaintiff submitted an informal grievance to Classification complaining that the PSI information from the State of Tennessee contains erroneous information concerning Plaintiff's juvenile history which he asserts is wholly false.  Doc. 42, ex. A, pp. 2-7.[2]  The response to that grievance, dated June 18, 2002, stated:

> All information for PSI/NCIC ETC must be verified prior to use in any judicial or departmental action.  The department has no jurisdiction over other agencies and cannot compel their actions.  What we do is verify information to the best of our ability.  Therefore, your complaint regarding the action of authorities in Tennessee is *not grievable*."

Doc. 42, ex. A, p. 2 (emphasis added).

Plaintiff submitted an appeal to the warden.  The appeal again reiterated that Plaintiff was challenging information contained in his institutional and parole files which contains PSI information from the state of Tennessee that is "erroneous and derogatory."  Doc. 42, ex. B, p. 9.  A response on Plaintiff's appeal was prepared on July 10, 2002, and provides:

> Your grievance has been received, reviewed and the following determined:
>
> Your request for administrative remedy has been reviewed and evaluated and, this grievance is being returned without processing per DC33-103.001(4)(d) inmates cannot file grievances regarding matters beyond the control of the department[.]

Doc. 42, attachment 2, p. 9.

Plaintiff also submitted an appeal to the Office of the Secretary in late July, 2002.  Doc. 17, attachment 4 (exhibit C), p. 2.  Plaintiff stated that the appeal concerned the

---

[2] The page numbers correspond to the page number of document 42, attachment 2 on the Court's electronic document.  That attachment contains exhibits A-D, attachment 3 contains exhibits E-G, and exhibit H is in attachment 4.  It is noted, however, that there is no exhibit C within attachment 2.

fact that the PSI information from the State of Tennessee was false and that the prior responses to his grievances were wrong because he believed the matter was "definitely in control of the Department of Corrections." *Id.*, at 3.  Plaintiff requested that the criminal history information provided by the State of Tennessee be validated and that his institutional file be corrected.  *Id.*  The response to that appeal, signed by C. Shockley, stated:

> Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.
>
> You should write authorities in the state of Tennessee if you feel information from there is in error.
>
> Your administrative appeal is denied.

*Id.*[3]

The administrative rules of the Florida Department of Corrections provide that inmates can file complaints regarding the following matters: (1) "substance, interpretation, and application of rules and procedures of the department"; (b) interpretation and application of laws and regulations that affect them; (c) reprisals against an inmate; (d) incidents occurring within the institution; and (e) conditions of care and supervision.  FED. R. CIV. P. 33-103.001(3).  Grievances cannot be filed if they concern: (a) substance of court decisions; (b) substance of laws and regulations; (c)

---

[3] There is additional evidence that on May 23, 2004, Plaintiff sent a letter to Defendant Butler challenging the information in the Department's records.  Doc. 42, attachment 4, p. 3.  Plaintiff indicates within the letter that he previously submitted his challenge to Defendant Butler "on or about March 17, 2003."  *Id.*

parole decision; and (d) other "*matters beyond the control of the departmen*t." FED. R. CIV. P. 33-103.001(4) (emphasis added).

Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The exhaustion requirement of § 1997e(a) is mandatory and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Woodford v. Ngo, __ U.S. __, 2006 WL 1698937, *2, No. 05-416 (June 22, 2006);[4] Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement). This Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323. The Supreme Court has interpreted "available" to mean there is a "possibility of some relief for the action complained of." Booth v. Churner, 532 U.S. at 738, 121 S.Ct. at 1824.

---

[4] Woodford v. Ngo held that the a prisoner must "properly" exhaust the grievance procedure by following the rules governing the deadlines for filing at each step. The timeliness of Plaintiff's grievances is not at issue here.

A case providing some guidance on this issue is Miller v. Tanner, 196 F.3d 1190 (11th Cir. 1999), where appellees argued that inmate Miller "was required to appeal the institutional-level denial of his grievance to satisfy section 1997e(a)' s exhaustion requirement." Miller, 196 F.3d at 1194. The Eleventh Circuit disagreed and noted that when Miller's institutional-level grievance was denied, the memorandum advising him of that denial also stated that he did "not have the right to appeal. The above listed grievance(s) is closed." *Id.*, at 1194. The court concluded that such language unambiguously told Miller that an appeal "was futile, even prohibited" and by virtue of that statement, could be found to alert the inmate that "appealing might be treated as insubordination and that there might be harmful consequences for disobeying the rules." *Id.* Noteworthy is the fact that the Court accepts the notion that inmates are entitled to rely on statements made by the prison officials who are "charged with ensuring that the grievance procedures were complied with properly." *Id.* Thus, the Court found that it was unnecessary for Miller to appeal the denial of his grievance because administrative remedies were unavailable to him and denied the State's motion to dismiss. *Id.*

Similarly, in Pearson v. Vaughn, 102 F.Supp.2d 282 (E.D. Pa. June 26, 2000), the inmate submitted a grievance to prison officials requesting to be placed in administrative custody and taken out of general population. 102 F.Supp.2d at 287. The grievance rejection form told the inmate that his custody status was "not addressable under the grievance process." *Id.*, at 286, 287. The district court concluded that having previously told the inmate that his claim "was 'not addressable in the grievance

process,' defendants cannot assert in this lawsuit that plaintiff failed to exhaust this claim." *Id.*, at 288, *citing* Miller v. Tanner, *supra*.

This disposes of this motion.  Plaintiff was told by Department of Corrections officials that the subject matter of his grievance was inappropriate for the grievance procedure.  He was entitled to rely upon this authoritative interpretation of Florida law.  While perhaps he did not have to do so, he presented his claim at every level of the grievance process.  He is not required to do more, and probably could have done less.  This Court should accept the ruling of Florida officials:  the grievance process was not available to Plaintiff.  Hence, the motion to dismiss, complaining that Plaintiff did not follow the subsidiary details of that process, is without merit.

Accordingly, it is **RECOMMENDED** that Defendant Butler's motion to dismiss, doc. 54, be **DENIED** and the case **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2006.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Number 4:05cv147-RH/WCS